UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-one.

PRESENT:
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges*.

---

IN RE: 461 7TH AVENUE MARKET, INC.,

> *Debtor*,

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

461 7TH AVENUE MARKET, INC.,                                    No. 20-3555

> *Appellant*,

v.

DELSHAH 461 SEVENTH AVENUE, LLC,

> *Appellee*.

---

FOR APPELLANT:                          MICHAEL S. KIMM, Kimm Law Firm,
                                        Englewood Cliffs, NJ.

FOR APPELLEE:                    WILLIAM F. SAVINO (Bernard Schenkler, *on the brief*), Woods Oviatt Gilman, LLP, Buffalo, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on October 2, 2020, is **AFFIRMED**.

Appellant 461 7th Avenue Market, Inc. ("Market"), a debtor in bankruptcy proceedings, appeals from an order of the district court denying its request for a stay pending appeal of a bankruptcy court order converting its case from one under Chapter 11 to one under Chapter 7 of the Bankruptcy Code. Appellee Delshah 461 Seventh Avenue, LLC ("Delshah"), Market's former landlord and a creditor in the bankruptcy case, opposed the request for a stay. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

The district court concluded that Market's former management lacked standing to seek a stay on Market's behalf because, upon conversion of the bankruptcy case to a Chapter 7 proceeding and the appointment of a Chapter 7 trustee, the authority to request a stay and to prosecute an appeal vested in the trustee alone. *In re 461 7th Avenue Market, Inc.*, 623 B.R. 681, 689–91 (S.D.N.Y. 2020). At oral argument before our Court, counsel for both parties agreed that the issue of "standing" in this context is not a question of whether this Court has jurisdiction under Article III, but instead concerns authority under the Bankruptcy Code to litigate an appeal and related matters on behalf of the debtor following the appointment of a Chapter 7 trustee. *See Martineau v. Wier*, 934 F.3d 385, 391 (4th Cir. 2019) (explaining that whether the debtor "was legally entitled to pursue" certain tort claims on her own behalf "implicates not Article III standing doctrine, but rather the 'real-party-in-interest' requirement"). Because the standing question here is not jurisdictional and the district

2

court's order should clearly be affirmed on other grounds, we find it unnecessary to resolve the issue of who has authority to seek a stay on Market's behalf.

A court must consider four well-established factors before deciding whether to issue a stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)) (footnote omitted). The district court determined that Market had not made the required showing under this standard. *In re 461*, 623 B.R. at 691–96. We review the district court's denial of a motion for a stay pending appeal for abuse of discretion, *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 856 (2d Cir. 1997), which entails either an error of law or a clearly erroneous factual determination, *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 206 (2d Cir. 2014). On such review, we conclude that the district court did not abuse its discretion here.

The district court correctly concluded that Market had not made a "strong showing" that it is likely to succeed on the merits of its appeal of the bankruptcy court's conversion order. *World Trade Ctr.*, 503 F.3d at 170. Specifically, Market failed to establish that the bankruptcy court erred in concluding that there was "substantial or continuing loss to a diminution of the estate and the absence of a reasonable likelihood of rehabilitation," which justified converting the case from Chapter 11 to Chapter 7 under 11 U.S.C. § 1112(b)(4)(A). Appellant's App'x at 4462, 4469–70. Market's lease required it to comply with municipal requirements,[1] including those that "relate to structural changes or requirements," Appellant's App'x at 420, and the New York City Department of Buildings determined that several major alterations to the leased premises were needed to achieve compliance with the City's building code. The bankruptcy court's finding that Market lacked the funds to make

---

[1] Market raises various arguments challenging its obligations under the lease, but these arguments are forfeited because Market failed to raise them in opposition to Delshah's motion to convert. *See United States v. Wasylyshyn*, 979 F.3d 165, 172 (2d Cir. 2020).

the required alterations was not clearly erroneous. Because there was "no evidence at all" that Market could cure the building code violations, the bankruptcy court likewise did not clearly err in finding that Market was "incapable of assuming the lease and therefore incapable of proposing a Chapter 11 plan [of] reorganization." Appellant's App'x at 4460−62.

Market insists that the Department of Buildings' advisement was not final and that Delshah refused to consent to the alterations. But Market makes no showing that it would qualify for an exemption to the requirements, that the Department of Buildings' decision would not withstand review, or that Market had the funds to undertake the required alterations and cure its default on the lease. Thus, given Market's inability to assume the lease and prevent "substantial or continuing loss to or diminution of the estate" or otherwise show "a reasonable likelihood of rehabilitation," 11 U.S.C. § 1112(b)(4)(A), the bankruptcy court did not err in finding cause for converting Market's bankruptcy to a Chapter 7 case. *See In re C-TC 9th Ave. P'ship*, 113 F.3d 1304, 1311 (2d Cir. 1997) (observing that the 11 U.S.C. § 1112(b) list is "illustrative" of circumstances that constitute cause for conversion or dismissal).

Nor did the bankruptcy court violate Market's due process rights. Delshah's motion to convert the case to Chapter 7 noticed a hearing for July 9, 2020, and the bankruptcy court held the hearing on that date. As there was no real factual dispute as to whether Market had the financial ability to make the alterations necessary to assume the lease, there was no need for the bankruptcy court to hold an evidentiary hearing. *See id.* at 1312 ("When the record is sufficiently well developed to allow the bankruptcy court to draw the necessary inferences to dismiss [or convert] a Chapter 11 case for cause, the bankruptcy court may do so" without an evidentiary hearing.); *In re Tiana Queen Motel, Inc.*, 749 F.2d 146, 150 (2d Cir. 1984) (rejecting "the proposition that § 1112(b) requires the holding of a full evidentiary hearing prior to the entry of a conversion order"). The bankruptcy court gave Market multiple opportunities to demonstrate that it was able to make the required alterations, but it did not do so. *See* Appellant's App'x at 4451 ("I cannot get a straight answer from the debtor . . . on this point. The debtor made no written assertion that it could cure the default. And I'm not

4

getting one now."). The legal issues before the bankruptcy court were fully briefed and Market provides no basis to conclude that the bankruptcy court denied it a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

The district court therefore properly concluded that Market failed to show a likelihood of success on the merits of its appeal of the bankruptcy court order. Market likewise failed to establish that irreparable harm would result from the denial of the chance to propose a reorganization plan when there is no indication in the record that Market could, in fact, reorganize. *See In re 461*, 623 B.R. at 694–95. Nor does Market account for the harm imposed on creditors and the public interest should the bankruptcy proceedings be further prolonged. *Id.* at 695–96.

For all these reasons, we conclude that the district court acted well within the bounds of its discretion in denying Market's request for a stay.

* * *

We have considered Market's remaining arguments and find in them no basis for reversal. The order of the district court is therefore **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5